ARMSTRONG v. THE TOWN OF ACKLEY.

1. **Personal Injury:** EXAMINATION BY PHYSICIAN: TESTIMONY OF PHYSICIAN AND PATIENT: HEARSAY. In an action to recover for a personal injury, a physician called upon to examine the plaintiff may state as a witness the complaint made by plaintiff at the time, (*Gray v. McLaughlin*, 26 Iowa, 279,) and may also give an opinion, based on such examination, as to the extent and probable consequences of the injury, and what caused it; but the testimony of the plaintiff as to what the physician said at the examination is mere hearsay, and should be excluded.

2. ————: EVIDENCE: CONTEMPORARY STATEMENTS OF ONE PRESENT: HEARSAY. The statements made by one present at the time to a person injured on a defective sidewalk, when offered to be shown by the person injured, in an action against the town, are mere hearsay, and are inadmissible, unless, possibly, in rebuttal, to contradict the testimony of such person as a witness for the defendant.

3. ———: ———: TESTIMONY OF PATIENT AS TO SUBSEQUENT ILL HEALTH. In an action to recover for a personal injury, the plaintiff may testify as to the condition of his health, and in relation to the pain suffered after receiving the injury; it being for the jury to say whether the impaired health and pain were caused by the alleged injury.

4. **Evidence:** CONDITIONAL MATERIALITY: ADMISSIBILITY. . Where the materiality of certain evidence depends upon the establishment of a certain theory of the case, it should be admitted when the evidence is in conflict as to such theory.

5. **Cities and Towns:** INJURY ON SIDEWALK: NOTICE OF DEFECT: EVIDENCE. If a walk is continuously unsafe for sixty feet, and an injury occurs to a pedestrian at one end of such distance, evidence of the condition of the walk for the whole distance may be introduced, in an action against the town by the person injured, for the purpose of showing that the defendant should have known of its condition. (*Ruggles v. Town of Nevada,* 63 Iowa, 185, distinguished.)

6. ———: ———: ACTION TO RECOVER: DEFECTS MUST BE PROVED AS ALLEGED. In an action to recover for an injury occasioned by a defective sidewalk, it is not sufficient to prove that the walk was unsafe at the place of the accident, but plaintiff must prove the specific defects alleged in the petition.

*Appeal from Hardin District Court.*

SATURDAY, MARCH 5.

THE plaintiff claims that when walking along a sidewalk in the town of Ackley, owing to the defective and unsafe condition of the walk, she fell and was greatly injured. Trial by jury, judgment for the plaintiff, and defendant appeals.

*J. H. Scales,* for appellant.

*Huff & Pillsbury,* for appellee.

SEEVERS, J.—I.    The plaintiff was a witness in her own behalf, and testified that, several days after she fell on the sidewalk and was injured, Dr. Kelso was called to make an examination as to her condition, and prescribe for her, and she was asked: " What, if any, statement did you make to Dr. Kelso on his first visit, as to where and how you received the injury?

*1. PERSONAL injury: examination by physician: testimony of physician and patient: hearsay.*

And where you were suffering, if any ? " And the plaintiff was further asked: " Did Dr. Kelso, on his first visit after the statement made by you, make an examination of your person to determine the cause of your complaint or affliction ? If so, what did he say to you at the time was the cause of your ailment or affliction from such examination ? " There were other questions of like import. This, and the previous question, were objected to; but the objections were overruled, and to the latter question the witness answered, " Yes, he examined me, and he said my liver was terribly bruised, and I was bruised inwardly; and he said he could not tell just where it would locate itself. I mean that he could not tell where it would be the worst, or where it was going to settle; I was bruised so bad." It was not material what Dr. Kelso said, but what the fact was. Dr. Kelso was not under oath, and the evidence of the plaintiff above stated was simply hearsay, and, in our opinion, inadmissible. Dr. Kelso was examined as a witness; and he described the condition in which he found the plaintiff ; but, so far from using the language above stated, his description of her condition and symptoms was materially different, and therefore it cannot be said that the admission of the foregoing evidence was not prejudicial. That it is proper and competent for a physician, when called upon to make an examination of a person injured as the plaintiff claimed to be, to inquire and state the complaint made by such person, we think, is true. Such evidence, coming from that source, we think is clearly admissible. It was so held in *Gray v. McLaughlin*, 26 Iowa, 279. Also, we think, a physician may give an opinion, after making such examination, as to the extent and consequences likely to follow the injury, and also what caused it. This is said in relation to certain objections made to the admission of other evidence. There are a great many such objections relied on by counsel, which we do not deem it essential to notice.

II. The plaintiff being unable to attend court, her depo-

sition was taken, and she was asked: "Have you a knowledge of seeing and talking with Mrs. John Scanlon immediately after you arose from your fall, August 1, 1881? If so, what was said between you at the time?"—and other questions of similar import were also asked. These questions were objected to, but the objections were overruled. It is immaterial what Mrs. Scanlon said, and clearly it was hearsay and inadmissible. But counsel for the appellee justify the admission on the ground that it was known that Mrs. Scanlon would be a witness for the defendant, and, as the plaintiff could not attend court, her statement of what was said at that time could only be obtained by her deposition taken in advance of the trial. If the object was to contradict Mrs. Scanlon, the evidence should not have been introduced until she had testified; but it in fact was introduced, not in rebuttal, but in chief, and at least was clearly inadmissible at that time.

III. The plaintiff was asked and testified, against the objection of the defendant, what several physicians said was the matter with her at the time they severally made examinations as to her condition and afflictions. This was hearsay evidence, and should have been excluded. The doctors were not then under oath. Counsel for the defendant, as we understand, insist that the plaintiff should not have been permitted to testify as to the condition of her health, and in relation to the pain suffered since she received the injury; but in this proposition we do not concur. It was for the jury to say whether the pain suffered and the impaired health of the plaintiff was caused by her fall on the sidewalk.

IV. The material questions in the case we understand to be whether the walk was defective and unsafe, in the manner stated in the petition, and at the place where the accident occurred; and also whether the defendant had knowledge, or should have known, of such unsafe condition. There is a conflict in the evidence

2. ——: evidence: contemporary statement of one present: hearsay.

3. —— : ——: testimony of patient as to subsequent ill-health.

4. EVIDENCE: conditional materiality; admissibility.

as to where the accident occurred, or what caused it. The plaintiff claims, and there is evidence tending to show, that the accident was caused by a loose board upon one end of which the plaintiff's husband stepped, thereby causing the other end to suddenly tip up, against which the plaintiff tripped and fell to the ground. The plaintiff claims that this occurred on the walk in front of the lot owned by O'Brecht, or near where it joined the Scanlon lot. The defendant claims that the accident was about sixty feet west of such place, and where it is not shown the walk was seriously out of repair, or in any respect known to be defective. Because of such conflict, the plaintiff had the right to have the case submitted to the jury on the theory her evidence tended to sustain. Therefore she had the right to introduce evidence tending to show that the walk was unsafe and defective at the place where she claims the accident occurred, and that it had been in such condition for such a length of time prior thereto that the defendant should be presumed to have known it.

There was evidence tending to show that the walk in front of a portion of the O'Brecht lot was unsafe and defective, and had been so for some time; but it is not certain that such was the condition of the walk at the western side of said property, where the defendant claims the accident occurred. There is some evidence, to which appellant seriously objects, tending to show that the walk along the whole of the O'Brecht lot was unsafe. Such evidence, we think, was admissible, and does not conflict with the rule established in the *Ruggles Case*, 63 Iowa, 185. In this case, however, as well as that, the accident was caused by a loose board; but in the cited case it reasonably appears that the walk was not continuously unsafe, but that there was a single loose board; and the evidence held inadmissible in that case had reference to the walk from twenty-five to fifty feet distant therefrom. If, however, a walk is continuously unsafe for say sixty feet, and an accident

5. CITIES and towns: injury on sidewalk: notice of defect: evidence.

occurs at the western end of such distance, it seems to us that evidence of the condition of the walk for the whole distance may be introduced for the purpose of showing that the defendant should have known of its condition. The defendant claimed that the walk was not unsafe at the place where the accident occurred, or, at least, that it had not been known generally to be in that condition. It was a question for the jury to say which theory was true. Unless it was in that condition, and the accident was caused not only by its being unsafe, but also because of the unsafe condition stated in the petition, then the plaintiff was not

6. ——: ——: entitled to recover. The ground upon which a
action to re-
cover: defects
must be recovery is asked in the petition is that the.
proved as al-
leged. walk was out of repair; the stringers were decayed; the boards thereon were loose, liable to become misplaced, and were liable to tip up by persons walking thereon. There was some evidence tending to sustain such allegations. The court, instead of instructing the jury that these specific grounds of negligence must be sustained by the evidence, instructed the jury that, if the walk was defective and unsafe, and the defendant should have so known, the plaintiff was entitled to recover. While we are not prepared to say that the defendant was prejudiced by the general statement in the instructions as to the unsafe condition of the walk under the evidence, still it is possible that it may have been. At least, on another trial, we think the jury should be instructed that, in order to entitle the plaintiff to recover, the specific grounds of negligence stated in the petition must be found to have been established by the evidence.

We have deemed it proper to say this much without referring to each error briefly discussed by counsel. To do so would require much time and space, and, as many of such errors are not deemed prejudicial or not well taken, we have said all we deem material or proper to say in view of a retrial.

REVERSED.