E. D. CHEW, Appellant, v. F. P. O'HARA & COMPANY.

**Instructions:** PLEA AND PROOF: *Harmless error.*  In an action against a firm to recover for extorting money under threats of criminal prosecution for an alleged embezzlement, all the counts charged conspiracy.  The jury were instructed that plaintiff could not recover unless the payment was made under duress and in another paragraph that he could not recover save on proof of conspiracy.  *Held*, that the latter instruction, the jury having found for defendants, was without prejudice to plaintiff, since,

if they found that the payment was involuntary, they must necessarily have found that a conspiracy existed.

**Evidence:** *Conclusions.* Testimony of a witness as to whether or not he considered an attorney, present at a conversation which he detailed, to be there as an attorney for one of the parties, was properly excluded.

GOOD FAITH. In an action to recover damages for extorting from plaintiff, money to prevent a criminal prosecution, it is proper to permit defendants to testify to facts calculated to awaken suspicion against plaintiff, which were told to them by others, and also to state whether or not they believed such statements; as affecting defendant's good faith.

*Irrelevancy.* Testimony of embezzlements by another, not a party to an action or a witness therein, and not connected with the offense with which plaintiff was charged, was properly excluded.

*Harmless error.* In an action to recover moneys which plaintiff claims defendant wrongfully extorted from him by threats and for damages, error, if any, in overruling an objection to a question as to whether plaintiff was not in the habit of conversing with a fellow clerk on the subject of lewd women, is harmless where he answered that he was not. ·

**Bill of Exceptions:** *Bystanders: What constitutes refusal of Judge.* Under Code 1873, Section 2835, providing that if a judge refuses to sign a bill of exceptions, the party presenting it may procure it to be certified by two bystanders, attesting that it is true, and that the judge has refused to sign it, the supreme court will not, on appeal, consider a bill of exceptions attested by two witnesses, where the judge has actually signed a bill and the only one which he has refused to sign so differed from the one attested by the bystanders that, in effect, the judge was never given an opportunity to sign one in substance like the one attested by said bystanders.

*Appeal from Mahaska District Court.*—HON. D. RYAN, Judge.

FRIDAY, DECEMBER 15, 1899.

ACTION for damages in three counts. In the first count it is charged that, by duress and threats, defendants wrongfully extorted from plaintiff the sum of one thousand dollars. The second count charges a conspiracy between defendants to wrongfully extort money from plaintiff, and avers that pursuant thereto said defendants illegally restrained plain-

tiff, and by threats compelled him to turn over to them one thousand dollars of money belonging to him. The third count is substantially the same as the second. By an amendment to his petition, plaintiff makes the charge of conspiracy a part of the first count of his petition. The answer is, first a general denial. It is then averred that the firm of F. P. O'Hara & Co. was engaged in the grocery and queensware business in the city of Oskaloosa, and that for several years prior to March 25, 1893, plaintiff had been in its employ as a clerk; that said firm became aware that money and goods were being feloniously taken from its store; that from time to time it was informed by reliable persons of facts and circumstances which led its members to believe that plaintiff was the guilty person; that on March 24, 1893, some money was taken from the store, and from all the circumstances and from information, defendants' members became satisfied plaintiff had stolen the money; that on March 25, 1893, they informed plaintiff of the facts which had come to their knowledge, and of their belief that he had taken the money which had from time to time disappeared from the store; that, upon such charge being made, plaintiff at once proposed to pay, and did pay, in full settlement and compromise of such claim, the sum of one thousand dollars, which was much less than defendants' loss. There was a trial to jury on these issues, which resulted in a verdict for defendants. Plaintiff appeals.—*Affirmed.*

*J. B. Bolton, Geo. W. Lafferty,* and *Byron W. Preston* for appellant.

*L. C. Blanchard* for appellees.

WATERMAN, J.—The first question raised is on the bill of exceptions. Within the time allowed therefor a bill of exceptions was signed by the judge who presided at the trial but as he refused to incorporate in it some matters which plaintiff claimed occurred between the judge and the jury. when that body was called into court during its deliberation

on the verdict, plaintiff procured another bill to be signed by two court bailiffs, who claim to have been bystanders, setting out those particular facts according to their version.

We find the matter, contained in the bill signed by the bystanders, differs materially from that which was set forth in the one to which the judge refused his signature. Bystanders cannot certify a bill of exceptions unless the judge has refused to do so. The bill which they sign must show affirmatively that the judge has refused to indorse the correctness of its statements. Section 2835, Code 1873. The bill signed by the bystanders must be disregarded and in making this disposition of it we dispose, also, of the claimed errors founded upon remarks by the court to the jury, when it was called in during its deliberations. No such matter appears in the bill signed by the judge.

I.  We take up now the various errors in the order in which they are discussed. Plaintiff, the defendants, one Cowgill, and Mr. Lacey, an attorney, were in a room in the court house together at the time when it is claimed the wrongful acts were done upon which this action is based. Plaintiff testified that he was told at that time by some of the defendants that Lacey was not brought there as an attorney, but as a friend of the plaintiff. He was then asked by his counsel, "When you talked with Mr. Lacey, in that room, did you consider him there as between the parties?" An objection to this was sustained, and rightly What the witness considered was manifestly improper to go to the jury.

II.  Plaintiff was asked whether he was not in the habit of conversing with a fellow clerk on the subject of lewd women. An objection to the question was overruled. If there was error in this ruling it was without prejudice, for plaintiff answered that he was not.

III.  Defendant O'Hara was permitted over plaintiff's objection, to state circumstances calculated to awaken suspicion against plaintiff, which were told him by others. This

action is based on wantonness and malice. The motives of defendants were important to be shown. They had a right to show what caused them to act, even though this was something told by others. *Van Tuyl v. Quinton,* 45 Iowa, 459; 1 Greenleaf Evidence, section 101; 3 Addison Torts, 766. It is also insisted that it was incompetent for this witness to state that he believed, from what he heard and knew, that plaintiff had stolen the money. His belief was an element of his defense, and he had a right to state it. 2 Greenleaf Evidence, 455; *Browne v. Hickie,* 68 Iowa, 330; *Watson v. Chesire,* 18 Iowa, 202.

IV. A witness was asked, on cross-examination by plaintiff, a number of questions with relation to a supposed embezzlement by one Ralph O'Hara from certain insurance companies. The court ruled out many of the questions. It might well have so disposed of all of them. Ralph O'Hara was neither a party to, nor witness in, this action, and the offense inquired about, if any such was committed, had no connection with that charged against plaintiff. We may say here there was no error in the court's ruling that Epperson, one of the defendants, could not be asked as to what advice he received from his attorney, and that no foundation was laid for contradicting the witness Timbral in the matters, so far as material, asked of the witness Chew.

V. The court instructed the jury in one paragraph that plaintiff could not recover save on proof of a conspiracy. The case went to the jury as against the firm of F. P. O'Hara & Co. and the individual members only. Each count of the petition was based on a conspiracy. The undisputed evidence shows that both members of the firm were present and took part in the transaction of which complaint is made. If anything unlawful was done by defendants on this occasion, it must have been through a combination such as the trial court told the jury would be a conspiracy. It is urged by plaintiff that he should have

been allowed to recover the sum of one thousand dollars, if taken from him by duress. But, under the conceded facts, if there was duress it was on the part of all the defendants acting together in an unlawful combination. If the jury found there was duress, it followed, of course, that they must have found a conspiracy. The instructions could not have prejudiced plaintiff's case. We find no substantial error in the record and the judgment is AFFIRMED.

GRANGER, J., not sitting.