STATE OF IOWA, Appellant, v. WM. FRANK BROWN, Appellee.

No. 41447.

November 22, 1932.

Opinion on Rehearing April 3, 1934.

John Fletcher, Attorney-general, Gerald O. Blake, Assistant Attorney-general, and D. J. McNamara, Assistant County Attorney, for appellant.

Burrows & Burrows, for appellee.

G. L. Norman, for witnesses Mary Leota, Mabel, and Paul O'Bryen.

Donegan, J.—This case is now before us on rehearing. A great many matters are presented and argued in the petition for rehearing, but, in view of the conclusion which we have reached, it is necessary to consider only the one question as to whether the evidence was sufficient to show that Mary Leota O'Bryen was pregnant.

This action was brought under the provisions of sections 2492 to 2508, inclusive, of the Code of 1931, to revoke the license of the defendant to practice medicine in the state of Iowa. As ground for such revocation, it was alleged in the petition that the defendant had been guilty of unprofessional and dishonorable conduct in procuring or aiding in procuring a criminal abortion upon one Mary Leota O'Bryen. The case was tried in the district court, and at the close of all the evidence a motion of the defendant to dismiss the action because of insufficient evidence to sustain the charges made in the

168

petition was sustained by the court, and the state appealed. On the former hearing the cause was reversed and remanded to the district court for decree canceling and revoking the license of the defendant.

As above stated, the petition in this case charged the defendant with unprofessional and dishonorable conduct in procuring or aiding in procuring a criminal abortion on one Mary Leota O'Bryen. As an essential element to support such charge, it was necessary for the state to prove that the said Mary Leota O'Bryen, upon whom it was charged such abortion had been committed, was pregnant. After a careful reading of all the evidence as shown by the record, we feel constrained to hold that in this essential of the state's case we think it has failed.

In the trial of the case one Dr. Rankin was called as a witness. Dr. Rankin had been the family physician of the family of Mary Leota O'Bryen, who was a girl 15 years of age, and it appears that she was taken to his office by her mother. For approximately three months Dr. Rankin had been treating this patient for matters connected with her general condition. On the occasion of the last visit to Dr. Rankin's office he made an examination of the child in the presence of her mother and at that time stated that she was pregnant. When called as a witness, Dr. Rankin was asked as to what the condition of Mary Leota O'Bryen was at the time of such examination, and, objection being made to his testimony as a privileged communication, he was not allowed to testify. Mrs. O'Bryen, the mother of Mary Leota, was called as a witness and testified to the statement made by Dr. Rankin at the time he made the examination, to the effect that her daughter was then pregnant. This testimony was objected to and motion made to strike it as hearsay, but it was allowed to stand. It may be questioned whether, under the holding in Armstrong v. Town of Ackley, 71 Iowa 76, 32 N. W. 180, the statement of Dr. Rankin can be considered. Even if it be admissible, as contended by appellant, under the rule stated in State v. Sterrett, 68 Iowa 76, 25 N. W. 936, it is limited in its probative effect. As this evidence is now before the court, it does no more than to establish the fact that the particular statement inquired about was made by Dr. Rankin at a certain time and place. Under well-known rules of evidence, a witness may testify to a statement of a third party for the purpose of showing a motive for his actions, but the evidence thus introduced goes only to the question whether or not such statement was made, and cannot be considered as evidence of

the truth of the statement itself. As far as this evidence is concerned, therefore, we merely have the fact that such a statement was made by Dr. Rankin, but we have no evidence as to the truth thereof. Van Tuyl v. Quinton, 45 Iowa 459; Chew v. O'Hara, 110 Iowa 81, 81 N. W. 157.

Mary Leota O'Bryen was examined as a witness for the state, but refused to testify to what transpired between her and the defendant on the ground that her answers to the questions propounded to her might render her criminally liable and expose her to public ignominy. The state contends that she should have been obliged to answer for the reason that under our statutes no criminal liability on her part could have been involved. We agree with the state's contention that the witness should not have been excused from answering on the ground that her answers might render her criminally liable. However, we think the second part of the objection, to the effect that the answers called for would be such as to expose her to public ignominy, was well taken, and that the court below was not in error in sustaining the objection. Failing in its effort to secure the direct testimony of Mary Leota O'Bryen as to the matters involved in her treatment by the defendant, the state attempted to examine her as to the testimony given by her before the grand jury, when that body was conducting an investigation as to the person responsible for her alleged pregnancy. Objection on behalf of the witness was made to this testimony on the ground that she was required to attend the grand jury hearing under a subpoena and was not advised as to her right to refuse to testify, and that such testimony before the grand jury was therefore involuntary, and this objection was sustained by the trial court. The state then offered to prove the statements made by the witness before the grand jury. The result was to leave the record barren of any evidence from the witness Mary Leota O'Bryen as to whether she had been pregnant and as to what transpired in connection with the treatments given her by the defendant. See State v. Meyer, 181 Iowa 440, 164 N. W. 794; Doyle v. Willcockson, 184 Iowa 757, 169 N. W. 241; Burgess v. Sims Drug Co., 114 Iowa 275, 86 N. W. 307, 54 L. R. A. 364, 89 Am. St. Rep. 359.

There is evidence in the record that very soon after Dr. Rankin had advised Mary Leota and her mother as to her condition, her father made arrangements with the defendant to treat her, and that, before the defendant saw her, he told her father that the treatment

would cost from $50 to $150; that, shortly after this arrangement was made by her father, Mary Leota visited the defendant in company with her aunt, who paid the defendant $50; that the defendant examined her and told her aunt to have her mother give her quinine; that visits were made to the defendant by Mary Leota and her aunt on two or three subsequent occasions; that on one of these visits he used a metallic or silver instrument of some kind, and that, on the final visit, he inserted a rubber tube and some gauze in the vagina and instructed her aunt to tell her mother to remove the tube when she began to have cramps; that about four or five hours after returning home she did have cramps and the tube was removed as directed; that on the following morning the defendant was out of town and her mother called another doctor, and that while the other doctor was there Mary Leota passed a couple of clots of awful bad-smelling blood.

The evidence fails to show that the defendant at any time stated that Mary Leota was pregnant. On the other hand, the evidence shows that after her first visit to him the defendant told her father that he could not tell whether she was pregnant or whether it was blood clots in the uterus, but that, if she was pregnant, the foetus was dead and it would be necessary to drain the uterus. No expert evidence was introduced by the state to support the claim that the treatments given to Mary Leota by the defendant were such as are recognized as adapted to and ordinarily given for the purpose of producing an abortion, and there is no evidence before the court that these treatments might not have been given for a legitimate purpose. Of course, as stated in the prior opinion, this case is not a criminal case, and it is not necessary that the charges against the defendant be proved beyond a reasonable doubt. A preponderance of the evidence is all that is required. In determining the preponderance of the evidence, the court may, of course, indulge in all reasonable inferences from the facts and circumstances in evidence. Such inferences, however, can be drawn only from matters in evidence, and much of the evidence upon which the state bases its argument is incompetent and cannot be considered. There are many things in the evidence that arouse a very strong suspicion, but we are not at liberty to base a decision upon suspicion. Even allowing the utmost latitude to the inferences that may be drawn from the established facts and circumstances in this case, we feel constrained to hold that the evidence is not sufficient upon which to base

a finding that said Mary Leota O'Bryen was in a pregnant condition. Unless she was pregnant, it was, of course, impossible that the defendant could be guilty of performing or aiding in the performance of a criminal abortion upon her.

The former opinion is therefore withdrawn, and the order and ruling of the trial court dismissing the case is affirmed.—Affirmed.

EVANS, KINDIG, MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.