# IN THE COURT OF APPEALS OF IOWA

No. 20-0192
Filed March 17, 2021

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**KEVIN THOREN,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

Kevin Thoren appeals his conviction for sexual abuse in the third-degree. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Ahlers, JJ.

**DOYLE, Presiding Judge.**

Kevin Thoren appeals his conviction for sexual abuse in the third-degree. He contends the district court abused its discretion in admitting certain evidence at trial. Finding no abuse of discretion on the part of the district court in admitting the evidence, we affirm.

## I.     Background Facts and Proceedings.

Thoren was a licensed massage therapist. In 2018, the Iowa Board of Massage Therapy investigated allegations of Thoren's improper sexual contact with clients. During the investigation Thoren agreed to self-surrender his license. He made no admission of guilt.[1] Following surrender of his license Thoren continued to operate his therapy business but focused on therapies other than massage. Later, one of his clients reported to police that Thoren had sexually assaulted her during a therapy session.

The State charged Thoren with sexual abuse in the third degree. Following his plea of not guilty, Thoren moved in limine seeking to prohibit the State from introducing any evidence of an investigation by the Iowa Board of Massage Therapy of allegations that Thoren had improper sexual contact with clients, or evidence of self-surrender of his professional license, or any prior complaints against him by other clients. The district court denied the motion after briefing and a hearing. A jury found Thoren guilty of sexual abuse in the third degree. On appeal, Thoren challenges the court's admission of certain evidence, specifically

---

[1] In the settlement agreement and final order, Thoren "acknowledges that the allegations in the Statement of Charges, if proven in a contested case hearing, would constitute grounds for the discipline agreed to in this Order."

evidence on the Iowa Board of Massage Therapy's investigation and the self-surrender of his license, and the testimony of five previous clients alleging similar incidents of improper sexual contact.

## II.     Standard of Review.

We review the trial court's evidentiary rulings for an abuse of discretion. *See State v. Neiderbach*, 837 N.W.2d 180, 190 (Iowa 2013); *State v. Huston*, 825 N.W.2d 531, 536 (Iowa 2013).  We will reverse only when the district court's decision rests on grounds or reasons untenable or to an extent clearly unreasonable.  *See State v. Redmund*, 803 N.W.2d 112, 117 (Iowa 2011).

## III.     Analysis.

### A. Evidence of Iowa Board of Massage Therapy Investigation and Self-Surrender of License.

Thoren first argues that evidence about a past investigation by the Iowa Board of Massage Therapy into allegations of sexual misconduct and the subsequent self-surrender of his massage license were irrelevant and unfairly prejudicial.  Under the rules of evidence, relevant evidence is admissible; irrelevant evidence is not.  *See* Iowa R. Evid. 5.402.  "Evidence is relevant if:  (a) It has any tendency to make a fact more or less probable than it would be without the evidence; and (b) The fact is of consequence in determining the action."  Iowa R. Evid. 5.401; *State v. Alberts*, 722 N.W.2d 402, 410 (Iowa 2006).  "The test to determine if evidence is relevant is whether a reasonable [person] might believe the probability of the truth of the consequential fact to be different if [such person] knew of the proffered evidence."  *Alberts,* 722 N.W.2d at 410 (alteration in original) (internal quotation marks and citation omitted).  Once deemed relevant, the

evidence is admissible under rule 5.402 unless otherwise provided in the United States Constitution, Iowa Constitution, statute, or our rules. Iowa R. Evid. 5.402.

Thoren contends the evidence is not relevant because agency action by the Iowa Board of Massage Therapy requires only proof by a preponderance of the evidence,[2] a lower level of proof than the beyond-a-reasonable-doubt standard of proof employed in a criminal proceeding. He argues that to be relevant, "there must be a showing of equity between the burdens of proof and a similarity between the requirements for sexual abuse report leading to self-surrender and the offense of sexual abuse." He cites no legal authority for this proposition. When a party, in an appellate brief, fails to cite to authority in support of an issue, the issue may be considered waived. *State v. Adney*, 639 N.W.2d 246, 250 (Iowa Ct. App. 2001); *see also* Iowa R. App. P. 6.903(2)(g)(3) (requiring the argument section to include "[a]n argument containing the appellant's contentions and the reasons for them with citations to the authorities relied on and references to the pertinent parts of the record" and stating, "[f]ailure to cite authority in support of an issue may be deemed waiver of that issue"); *State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997); *Metro. Jacobson Dev. Venture v. Bd. of Rev. of Des Moines*, 476 N.W.2d 726, 729 (Iowa Ct. App. 1991). We do not consider conclusory statements unsupported by legal argument. *See, e.g.*, *Baker v. City of Iowa City*, 750 N.W.2d 93, 103 (Iowa 2008) (holding a party waived its "conclusory contention" by failing to support it with an argument and legal authorities). We will not accept the task of

---

[2] Thoren makes no valid citation to this proposition. We were unable to find an appellate massage therapy disciplinary case, but we note the burden of proof in a medical disciplinary case is a preponderance of the evidence. *See Eaves v. Bd. of Med. Examiners*, 467 N.W.2d 234, 237 (Iowa 1991).

undertaking Thoren's research and advocacy. *See id.* In any event, Thoren's difference-in-burden-of-proof argument was not sung to the district court. Error preservation rules prevent Thoren from singing a new song to us. *See State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999) ("Nothing is more basic in the law of appeal and error than the axiom that a party cannot sing a song to us that was not first sung in trial court."). "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002); *accord Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012). The difference-in-burden-of-proof argument was not preserved for our review.

Thoren was tried for sexual abuse. The Iowa Board of Massage Therapy investigation that led Thoren to surrender his license concerned inappropriate sexual touching of clients. Thoren's theory at trial was that he engaged in some touching but that it did not cross the line into sexual touching. Because the investigation involved similar allegations under similar circumstances, the evidence helped establish it was more likely Thoren committed sex abuse when he touched the victim in this case. Not all touching is permissible during a massage, and the evidence that Thoren was previously investigated for crossing this line shows motive, intent, purpose, and lack of mistake for his actions.[3] The evidence was relevant.

---

[3] The fact the board investigation concerned *previous* misconduct helps distinguish this case from *State v. Huston*, 825 N.W.2d 531 (Iowa 2013). In that case, in the course of prosecuting Huston for child endangerment, the State introduced evidence Huston had been investigated for child abuse by the Department of Human Services (DHS) based on the same circumstances that formed the basis for the criminal charge and the DHS determined the child abuse report was

Thoren contends the evidence was unfairly prejudicial. "Unfairly prejudicial evidence appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action that may cause a jury to base its decision on something other than the established propositions in the case." *State v. Webster,* 865 N.W.2d 223, 242-43 (Iowa 2015) (cleaned up). Thoren's unfairly-prejudicial contention mainly hinges on his different-standard-of-proof argument which we have already rejected. We agree with the State that the prejudicial effect of the evidence was low. The evidence only presented the bare facts of the incident. The evidence was not inflammatory and not the type to appeal to the jury's sympathies, arouse its sense of horror, or provoke its instincts to punish. The evidence was not unfairly prejudicial.

The district court did not abuse its discretion in admitting the evidence.

---

"founded." *Id.* at 535. The supreme court reversed Huston's conviction due to introduction of the DHS "founded child abuse report" evidence. *Id.* at 537–38. The court saw "no probative value to the DHS determination the abuse report against Houston was founded. Whether or not the abuse report was deemed founded is irrelevant to any issue for the jury to decide." *Id.* at 537. In addition, the court noted "a real danger the jury will be unfairly influenced by that agency finding, which gives the 'imprimatur' of a purportedly unbiased state agency on a conclusion that Huston was guilty of child abuse." *Id.* at 537–38. Here, we would have the same risk if the evidence of the massage therapy board investigation and sanction had involved the same incident that formed the basis for the criminal charge against Thoren. However, because the investigation involved one or more prior incidents, evidence of the investigation did not run the risk the jury would be unfairly influenced into concluding Thoren had to be guilty of the current charged offense because the massage therapy board had already made that determination. Instead, the evidence could be used for the relevant purpose of showing Thoren should have been aware of the line between proper and improper touching during a massage as a result of the prior sanction, so it is less likely his alleged crossing of that line in this case was done by mistake or without improper intent or purpose.

**B. Evidence of Prior Bad Acts.**

Thoren also argues the relevance of testimony from past clients who reported incidents of sexual misconduct to the board is outweighed by the danger of unfair prejudice. Iowa Rule of Evidence 5.404(b) controls when evidence of prior bad acts is admissible. Even if the evidence is relevant, if the evidence is "of a crime, wrong, or other act," it cannot be admitted "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Iowa R. Evid. 5.404(b)(1); *State v. Putman*, 848 N.W.2d 1, 9 (Iowa 2014). But evidence of other crimes, wrongs, or acts can be admitted for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Iowa R. Evid. 5.404(b)(2). Such "evidence is admissible if it is probative of some fact or element in issue other than the defendant's general criminal disposition." *State v. Nelson*, 791 N.W.2d 414, 425 (Iowa 2010). Evidence of this nature is analyzed carefully to ensure that there is more of a purpose or legitimacy to some material issue than merely showing a general propensity to commit wrongful acts. *State v. Plaster*, 424 N.W.226, 229 (Iowa 1988). The court analyzes the evidence and its admissibility under a three-pronged test. *Putman*, 848 N.W.2d at 8-9.

Before the court can admit evidence of prior bad acts, the evidence must first be relevant to a legitimate, disputed factual issue. *Id.* at 9; *State v. Rodriguez*, 636 N.W.2d 234, 239 (Iowa 2001) (stating evidence is relevant "when it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"). Thoren is accused of sexually abusing someone who entrusted

him to provide alternative treatment for pain relief. The testimony of five former clients, in similar settings, who experienced similar incidents, although over several years, was relevant to establish Thoren's intent, motive, knowledge, and lack of mistake.

Second, "there also 'must be clear proof the individual against whom the evidence is offered committed the bad act or crime.'" *Putman*, 848 N.W.2d at 9. "In assessing whether there is clear proof of prior misconduct, it is not required that the prior act be established beyond a reasonable doubt, nor is corroboration necessary." *State v. Taylor*, 689 N.W.2d 116, 130 (Iowa 2004). Testimony of credible witnesses can satisfy the clear-proof requirement. *See State v. Rodriquez,* 636 N.W.2d 234, 243 (Iowa 2001) (concluding testimony of two witnesses was enough to support a finding of clear proof). In Thoren's case, five credible witnesses testified in court. We find the clear-proof requirement met.

Third, "the court must determine whether the evidence's 'probative value is substantially outweighed by the danger of unfair prejudice to the defendant.'" *Id.* (citation omitted). "Evidence that is unfairly prejudicial is evidence that has an undue tendency to suggest decisions on an improper basis commonly, though not necessarily, an emotional one." *State v. Newell*, 710 N.W.2d 6, 20 (Iowa 2006). Several factors are considered in weighing whether the danger of unfair prejudice outweighs the probative value of the evidence. They are

> the need for the evidence in light of the issues and the other evidence available to the prosecution, whether there is clear proof the defendant committed the prior bad acts, the strength or weakness of the evidence on the relevant issue, and the degree to which the fact finder will be prompted to decide the case on an improper basis.

*Putman*, 848 N.W.2d at 9-10 (quoting *Taylor*, 689 N.W.2d at 124). If the evidence is relevant and material for a purpose other than a propensity to commit wrongful acts, "it is prima facie admissible, notwithstanding the tendency to demonstrate the accused's bad character." *Plaster*, 424 N.W.2d at 229 (citation omitted). In this he said/she said case, the State's need for the testimony from Thoren's former clients is self-evident. Based on the witnesses' testimony, there is clear proof Thorsen committed the prior acts. The prior acts evidence elicited at trial was of a nature similar to the underlying charge and not likely to incite "overmastering hostility" toward Thoren. *See State v. Reyes*, 744 N.W.2d 95, 100 (Iowa 2008).

Although Thoren challenges the remoteness of when some of the acts were committed, remoteness generally affects the weight of the evidence rather than its admissibility. *State v. Casady*, 491 N.W.2d 782, 785 (Iowa 1992). Remoteness makes evidence irrelevant "where the elapsed time is so great as to negate all rational or logical connection between the fact sought to be proved and the remote evidence offered to prove that fact." *Id.* Here, the lapse of time between some of the prior acts and the event leading to the criminal charge was significant— approximately ten years. While this gives us some pause as to the propriety of admitting the evidence, we conclude the district court did not abuse its discretion in admitting it. The remote episodes in isolation may have been too remote to be admissible. However, when considered in relation to the ensuing episodes leading up to the event that formed the basis for the criminal charge against Thoren, the evidence of the older events showed a continuity of misconduct that created a "rational or logical connection" between the pieces of evidence. *Id.* We agree with the district court's ruling that "[t]here is some level of prejudice, but not enough to

outweigh the State's need for the evidence to show intent, motive, absence of mistake, and lack of accident."

Finally, the court has long accepted that there is no exact science in establishing the probative value of evidence of this nature, and therefore "a great deal of leeway" is granted "to the trial judge who must make the judgment call." *Newell*, 710 N.W.2d at 20-21.

Applying all the requisite factors, we conclude, as the trial court did, the probative value of the challenged testimony was not substantially outweighed by the danger of unfair prejudice. The trial court did not abuse its discretion by admitting the testimony.

## IV.    Conclusion.

For all the above reasons, we affirm Thoren's sex abuse conviction.

**AFFIRMED.**