Judith L. MEYER, Appellee,

v.

EMPLOYMENT APPEAL BOARD and Indian Hills Community College, Appellants.

No. 87–1625.

Supreme Court of Iowa.

June 14, 1989.

Blair H. Dewey and William C. Whitten, Des Moines, for appellants.

Gerald L. Hammond of Sayre & Gribble, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, SNELL and ANDREASEN, JJ.

HARRIS, Justice.

A teacher contracted to perform her duties during a nine-month school year and to draw her salary on an annual basis. Her employment terminated during the nine-month school year. The question here is whether she is entitled to statutory unemployment benefits during the months of the contract year after her services were to be completed. The district court, reversing an agency determination, held she was entitled to benefits. We agree.

Petitioner Judith Meyer was hired in 1978 as a full-time nursing instructor for a community college. There was a written employment contract which was negotiated and renewed each year. Under the contract Judith worked only nine months each year, from September to May. She was not obligated to perform any services during the last three months of the contract year (June, July, and August). She was however paid in twenty-four equal installments over the entire twelve months.

At the time in dispute Judith was employed under a contract which commenced August 26, 1985, and was to end August 25, 1986. On February 19, 1986, Judith was notified that her contract would not be renewed. She resigned the following day. The resignation was pursuant to a settlement. It was agreed that Judith would draw her salary through August and be available for consultation through the school term. Soon after resigning Judith filed a claim for unemployment benefits for the period after February 23. Her claim was denied because she left her employment prior to her scheduled date of layoff. After Judith's appeal of the denial was affirmed by the employment appeal board she brought this petition for judicial review.

On review the district court agreed with the denial of Judith's claim for the period ending May 15, 1986. This part of Judith's claim is not at issue. The district court did however reverse the board in part, allowing Judith's claim for the period beginning May 15, when her actual services were to end. The board appealed the district court's allowance of this part of Judith's claim. We granted further review of a divided court of appeals decision affirming the district court.

I. Iowa Code section 17A.19 (1989) prescribes the court's role on judicial review of agency action. *Morrison v. Century Eng'g*, 434 N.W.2d 874, 876 (Iowa 1989). The district court and this court serve only in an appellate capacity to correct any errors of law on the part of the agency. *Barker v. Iowa Dep't of Transp.*, 431 N.W.2d 348, 349 (Iowa 1988).

II. It is important that Judith's claim involves a period following termination of her employment and not a routine summer vacation following a normal teaching year. An Iowa statute prevents teachers from receiving unemployment compensation during summer months when they have "reasonable assurance" they will be teaching in any school the following year. Iowa Code § 96.4(5)(a). *See also Merged Area (Educ.) VII v. Iowa Dep't of Job*

*Serv.,* 367 N.W.2d 272, 274 (Iowa App. 1985). Because Judith had no such reasonable assurances the statute does not apply.

■ III. The case is complicated by the fact that the parties disagree on not only the answer but also the question. The board sees the case as a voluntary quit dispute. Employees are disqualified from benefits if they voluntarily quit without good cause attributable to their employer. Iowa Code § 96.5(1). The board cites a rule that this disqualification applies when the employee quits in anticipation of an expected layoff. 345 Iowa Admin. Code § 4.25(29).

Special rules apply to persons who voluntarily quit after being told of a scheduled layoff. They are disqualified from benefits from the last day of work until the day of the scheduled layoff. But they are entitled to benefits beginning on the day of the scheduled layoff. 345 Iowa Admin. Code 4.25(40).

Similarly, we think, the voluntary quit defense here is limited to the period during which Judith was to perform services. It does not reach the period (after May 15) for which the district court determined Judith was entitled to benefits.

■ IV. Persons are eligible for benefits only for weeks in which they are "totally unemployed." Iowa Code § 96.3(2). "Totally unemployed" is a term of art with a statutory definition:

> An individual shall be deemed "totally unemployed" in any week with respect to which no wages are payable to the individual and during which the individual performs no services.

Iowa Code § 96.19(9)(a).

There is no dispute that Judith qualifies for the second of the two requirements under this definition. She performed no service (and was under no obligation to do so) during the period still at issue. The question arises under the first requirement, whether "no wages [were] payable" during the weeks involved.

The court of appeals dissenters saw the statutory plan as based more on immediate need than fairness. After all Judith did

contract to draw her compensation over a twelve-month period and thus provided she would not, during any of the twelve months, experience the financial adversity our unemployment compensation system is intended to address.

Judith of course contends she drew no wages after May 15, but merely elected to defer collecting past earnings until then. She argues, with considerable logic, that it would be grossly unfair to penalize her for opting to spread the receipt of past earnings on a twelve-month rather than a nine-month basis. She correctly states that, had she elected to be paid on a nine-month basis, she would be entitled to benefits.

There is support for Judith's interpretation in *Town of South Hadley v. Director of Division of Employment Security,* 450 N.E.2d 596 (Mass.1983), a case relied on both by the district court and the court of appeals. The *Hadley* court stated: "The test is not in what week the remuneration is received but in what week it is earned or to which it may reasonably be considered to apply." *Id.* at 598.

We think there is also support for Judith in an administrative definition found at 345 Iowa Admin. Code 4.13(2)(*o*). It states in part:

> The following items are not considered as wages and are not deductible from job insurance.

> .     .     .     .     .

> *o.* Deferred wage compensation. Remuneration received by the claimant for wages earned in a prior period shall not be deductible in a subsequent period.

Although it was promulgated long after this dispute arose (it was effective May 25, 1988) another administrative rule indicates a department view consistent with Judith's. 345 Administrative Code 4.52(8) reads:

> Wages earned and payment deferred. Many school employees receive remuneration from their school employers on a twelve (12)–month basis for the nine (9)–month period worked. Deductions from job insurance payments are on a "when earned" basis rather than on a "when paid" basis. Deferred wages currently

paid which are based on earnings from a prior period are not deductible on a current week claimed pursuant to Iowa Code section 96.19(9) "b" and subrule 4.13(2), paragraph "o."

Although these rules relate to partial unemployment they do indicate an agency view that deferred wages for services completely performed should not necessarily be considered as wages payable under Iowa Code section 96.19(9)(a).

We think Judith's deferred wages were actually "payable" to her when they were earned. The community college did not claim any advantage resulted to it by spreading payments over the entire twelve months. On this record we must assume that Judith opted to delay receiving a portion of her wages, payable earlier, merely as a convenience to her. In proscribing benefits during the weeks when "wages are payable," we do not believe the legislature intended to include Judith's deferred wages for services already performed.

The district court was correct in determining that Judith was not disqualified from compensation following termination of her employment by reason of receiving wages deferred from past earnings.

DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.

All Justices concur except CARTER, J. who dissents.

CARTER, Justice (dissenting).

I dissent.

In order to gain unemployment benefit eligibility, Iowa Code section 96.3(2) requires a claimant to show that the dual conditions of absence of wage entitlement and absence of work coincide during the same week. That is the way the statute is written. It is inconceivable that it would have been written that way had it not been intended that these two conditions coincide during any week in which benefits are claimed.

The administrative regulations relied on by the majority to establish benefit eligibility do not purport to deal with benefit eligibility. Those regulations only govern the amount of benefits which are payable to those persons eligible under the basic requirements set forth in section 96.3(2).

The majority alludes to a supposed unfairness in the treatment accorded this claimant by the agency as compared to other unemployed teachers who have elected to be paid over a nine-month period. I submit that this court's sense of fairness is not a proper standard by which to measure eligibility under unambiguous statutory criteria. Moreover, if comparisons are to be made, there is a much more relative comparison available in evaluating the merit of the agency's position. That is the comparison which may be drawn by matching the situation of a teacher paid on a twelve-month basis whose contract is terminated in May, with the situation of a teacher paid on a twelve-month basis whose contract is renewed for the following school year.

In the situations being compared, both persons receive the same relative level of subsistence income during the summer months. Both persons perform no services during the summer months. But, under the majority's interpretation of the statute, the first person is entitled to receive unemployment benefits although the second person is expressly made ineligible for unemployment benefits by the provisions of Iowa Code section 96.4(5)(a) and (b).

Those in the second person's situation constitute a much larger number of workers than those in the first person's situation. Consequently, in acting to cure a discrimination affecting a few persons, the majority is simultaneously creating a different classification which discriminates against a much larger category of persons.

I submit that the agency is more nearly treating like situations in a like manner than is true under the position taken by the majority of this court. Moreover, in so doing, the agency is not unfaithful to the principle that the policy of the unemployment security laws is to maintain a reasonable level of purchasing power in order to avoid serious social consequences of poor relief assistance. *See* Declaration of Policy

contained in Iowa Code section 96.2 (1989). The claimant's financial situation has not been demonstrated to be such that the denial of benefits offends against this policy.