Virginia DIGGS, Appellant,

v.

**EMPLOYMENT APPEAL BOARD and Unitog Rental Services, Inc., Appellees.**

No. 91–241.

Court of Appeals of Iowa.

Oct. 29, 1991.

other employees. Kaulkas refused. Diggs informed her if she did not stop, she would knock Kaulkas "on her ass."

Kaulkas thereafter informed the general manager of the incident. The manager talked with Diggs, and Diggs admitted that she had confronted Kaulkas. The manager reviewed the company's written policy and subsequently terminated Diggs that day. According to the policy, any striking, fighting with, or threatening bodily harm to a fellow associate was grounds for automatic termination.

On June 22, 1990, Diggs was notified she was eligible for unemployment benefits since neither party had attended the fact finding hearing. Unitog appealed the decision. The administrative law judge determined that Diggs was not eligible for benefits. Diggs appealed to the Employment Appeal Board.

The Board subsequently affirmed the decision of the administrative law judge. Diggs appealed the decision to the district court. On January 16, 1991, the district court entered its decision affirming the ruling of the Board. Diggs has appealed.

Dennis P. Marks of Legal Services Corp. of Iowa, Council Bluffs, for appellant.

Joe E. Smith, Employment Appeal Bd., Des Moines, for appellees.

Heard by DONIELSON, P.J., and SACKETT and HABHAB, JJ., but decided en banc.

SCHLEGEL, Judge.

Virginia Diggs was employed with Unitog Rental Services from May 16, 1988, to June 5, 1990. At that time she was discharged due to an altercation with a fellow employee. Apparently Diggs felt a fellow employee, Mary Kaulkas, had been spreading rumors about Diggs in the company. The rumors allegedly stated Diggs was stupid and performing her job badly.

During her lunch hour, Diggs confronted Kaulkas away from company property. Diggs grabbed Kaulkas by the arm and spun her around. She demanded Kaulkas tell her what she had been saying to the

▆▆▆ Appellate review of an agency's decision is governed by Iowa Code section 17A.20. The review is at law and not de novo. *Wiese v. Iowa Dep't of Job Serv.*, 389 N.W.2d 676, 679 (Iowa 1986). The decision of the agency is final if supported by substantial evidence in the record and correct conclusions of law. Iowa Code § 17A.19(8)(e), (f) (1991); *Heatherly v. Iowa Dep't of Job Serv.*, 397 N.W.2d 670 (Iowa 1987). The agency decision is supported by substantial evidence in the record if a reasonable mind, viewing the record as a whole, would accept the record as adequate to reach the conclusion. *Aluminum Co. of Am. v. Employment Appeal Bd.*, 449 N.W.2d 391, 393–94 (Iowa 1989).

The facts of this case are uncontroverted. The testimony of the claimant and employer alike agree the claimant grabbed Mary, turned her around, and told her if she repeated her prior comments that the claimant would knock her down. The sole question for the court is whether actions

occurring away from the work site and off company time can constitute disqualifying misconduct.

■ Persons found to have committed misconduct in connection with their employment are disqualified from receiving unemployment benefits. Iowa Code § 96.5(2) (1991). Discharge for misconduct, however, must be in connection with the individual's employment, Iowa Code § 96.5(2) (1991), and code provisions which operate to work a forfeiture of benefits are strongly construed in favor of the claimant. *Budding v. Iowa Dep't of Job Serv.*, 337 N.W.2d 219, 222 (Iowa App.1983), overruled on other grounds by *Myers v. Employment Appeal Bd.*, 462 N.W.2d 734, 738 (Iowa App.1990).

■ The misconduct which resulted in Ms. Diggs' discharge was an incident involving another employee off company premises and off company time. This incident was not connected with employment and cannot therefore form a basis to disqualify her from receiving unemployment benefits.

> Misconduct as the term is used in the disqualification provision [is] limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees ...

Iowa Admin.Code R. 345–4.32(1)(a) (1988). There is no evidence the altercation resulted in any harm to the employer's interests. The record here is totally devoid of any evidence demonstrating a deleterious effect on morale or working conditions or any kind of disruption in the work place. The record does show, however, that both individuals returned to work after lunch and the claimant was discharged only after she had completed her shift.

■ In addition, misconduct which may warrant discharge does not necessarily justify a denial of unemployment benefits. *Henry v. Iowa Dep't of Job Serv.*, 391 N.W.2d 731, 734 (Iowa App.1986). In order to be disqualified from benefits for a single incident of misconduct, the misconduct must be a deliberate violation or disregard of standards of behavior which the employer has a right to expect of employees. *Id.* at 736. Although Diggs' conduct may have been unsatisfactory, it never rose to the level of willful or wanton disregard of her employer's interest. We categorize this confrontation with the other employee off company premises and off company time as an error in judgment. We reverse the trial court order denying unemployment compensation benefits.

REVERSED.

OXBERGER, C.J., and HAYDEN and SACKETT, JJ., concur.

HABHAB and DONIELSON, JJ., dissent.

HABHAB, Judge (dissenting).

I respectfully dissent. My main disagreement with the majority opinion is with its application of the standard of review. In reversing, the majority makes a de novo review of the facts and then decides differently from those made by the agency. This de novo standard of review is incorrect in these cases. *See Meyer v. Employment Appeal Board*, 441 N.W.2d 766, 767 (Iowa 1989).

The sole question for the court is whether substantial evidence supports the administrative law judge's decision the claimant's actions constituted disqualifying misconduct. The agency decision is supported by substantial evidence in the record if a reasonable mind, viewing the record as a whole, would accept the record as adequate to reach the conclusion. *Aluminum Company of America v. Employment Appeal Board*, 449 N.W.2d 391 (Iowa 1989). *The court must broadly and liberally apply the Board's findings to uphold rather than defeat the Board's decision. Id.* at 394 (emphasis added). The possibility of drawing two inconsistent conclusions from evidence does not prevent the agency decision from being supported by substantial evidence. *Henry v. Iowa Department of Job Service*, 391 N.W.2d 731 (Iowa 1986).

The question before the administrative law judge and the Employment Appeal Board was whether Diggs' actions were *misconduct* as defined by the Iowa Administrative Code and the Iowa Code. The question *before* us is whether substantial evidence supports their decision Diggs' actions were misconduct as defined. *See id.* at 736–38. It is not our job to find the facts, but only to correct errors of law by the Board. *Meyer v. Employment Appeal Board,* 441 N.W.2d at 767.

The record before us shows Diggs accosted a fellow employee over the lunch hour concerning statements that employee had made about Diggs at the workplace. Diggs allegedly grabbed the other employee and threatened her. These actions clearly violated a known work policy against fights between employees.

The two women returning to the workplace after lunch would undoubtedly carry their resentments with them. The altercation is likely to have an adverse effect on the workplace. The employer has an understandable interest against allowing employees to settle their differences in this manner.

Hard feelings sometimes spill over into physical violence, threats, and abuse. When this occurs between employees, the employer has a right to be concerned, and when they occur in such a close proximity as to threaten relations in the workplace, the employer may justifiably take necessary disciplinary action. *See Myers v. Employment Appeal Board,* 462 N.W.2d 734, 737–38 (Iowa App.1990).

The administrative law judge found Diggs' actions constituted misconduct as defined, thus disqualifying her from unemployment benefits. The Employment Appeal Board affirmed. I determine substantial evidence supports their decision. I would affirm.

DONIELSON, J., joins this dissent.