**VIKING PUMP, INC., Plaintiff–Appellant,**

v.

**STATE of Iowa EMPLOYMENT APPEAL BOARD, Defendant–Appellee.**

**Kimberly Frieling, Intervenor.**

**No. 93–383.**

Court of Appeals of Iowa.

June 28, 1994.

Beth E. Hansen and Eldon R. McCann of Swisher & Cohrt, Waterloo, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., and William Whitten, Employment Appeal Bd., for appellee.

Heard by HAYDEN, P.J., and CADY and HUITINK, JJ.

HAYDEN, Presiding Judge.

After a fatal accident in 1989 concerning a conveyor belt at one of the plaintiff's plants, Occupational Safety and Health Act (OSHA) inspectors inspected the Viking Pump facility (Viking) and determined OSHA standards had been violated. The Iowa Commissioner of Labor as the Iowa administrator of OSHA issued fifty-six citations regarding the violations. Several citations involved the plaintiff's violation of the general duty clause of Iowa Code section 88.4 by improperly guarding the conveyors, therefore failing to provide employment free from recognized hazards. The citations were apparently grounded on 1972 industrial standards even though those standards had been revised in 1987.

The plaintiff contested the citations, and specifically objected to the use of the 1972 industry standards. After a hearing an administrative law judge entered a decision vacating thirty-nine citations. Particularly, the administrative law judge affirmed the general duty violations regarding the conveyors even though the judge determined the violations were inappropriately based on the 1972 standards. The administrative law judge concluded the 1972 and 1987 standards were essentially the same and concluded the plaintiff had violated the 1987 standards. The Employment Appeal Board subsequently affirmed the administrative law judge's decision.

The plaintiff filed a petition for judicial review challenging the Board's decision particularly in regard to the decision to uphold the citations regarding the general duty clause involving the conveyors. On February 3, 1993, the district court entered a decision which reversed one citation and affirmed several other citations. In regard to the citations relating to the violation of the general duty clause, the court determined the administrative law judge committed a legal error by determining the plaintiff had violated the 1987 industrial standards even though the citations were based on the 1972 standards. The court concluded equity and due process mandated the defendant be charged under the more recent standards or the citations be withdrawn. On this basis, the court remanded the citations regarding the violations of the general duty clause "to the administrative process for further proceedings consistent with the decision." The court ordered the remand to allow the agency to amend the citations to charge the plaintiff under the current standards.

On March 3, 1993, the plaintiff filed a notice of appeal.

Our scope of review was well set out in *Henry v. Iowa Dep't of Transp.*, 426 N.W.2d 383, 385 (Iowa 1988):

> In reviewing a district court decision on the validity of an agency action, we decide only whether the district court has correct-

ly applied the law. The district court itself acts in an appellate capacity to correct errors of law on the part of the agency. When we review such action by the district court, we merely apply the standards of section 17A.19(8) to determine whether our conclusions are the same as those of the district court. If the conclusions are the same, we affirm; otherwise we reverse. (Citations omitted.)

Viking Pump first contends the district court erred in granting remand with instructions to the agency to amend the original citations. We determine there was no error and affirm the remand.

Viking asserts the district court could not, as a matter of law, order a remand because there is no agency precedent for a remand in this situation. Viking argues agency precedent should control. However, agency precedent does not control court review of agency action. While it is true, as Viking notes, appropriate deference must be given to an agency's expertise, that rule applies to the holdings in an individual case. *Aluminum Co. of America v. Employment Appeals Board*, 449 N.W.2d 391, 394 (Iowa 1989). A court may also be required to give deference to expertise of an agency in its promulgation of rules. *See Teleconnect v. Iowa State Commerce Comm'n*, 404 N.W.2d 158, 162 (Iowa 1987). What Viking is requesting is deference to past application of procedures by hearing officers, procedures which are not promulgated rules. The courts give an agency a reasonable amount of discretion in applying its administrative rules, but "it is ultimately the duty of the court to determine matters of law including the interpretation of a statute or agency rule interpreting a statute." *Hollinrake v. Law Enforcement Academy*, 452 N.W.2d 598, 601 (Iowa 1990).

The district court, in review of agency action, has authority to order equitable relief. *Krieger v. Iowa Dept. of Human Servs.*, 439 N.W.2d 200, 202 (Iowa 1989). Generally, in situations such as this, an appropriate remedy is exactly what the court ordered, "to allow the [commissioner] to amend or allege the same factual violations ... under the proper section of the regulation." *Donovan v. Williams Enters., Inc.*, 744 F.2d 170, 176–77 (D.C.Cir.1984). Additionally, our supreme court has determined the proper course of action is remand to the agency when an error is determined. The court noted it would be improper for the court to take original authority in determining the parties rights. *Johnston v. Iowa Real Estate Comm'n*, 344 N.W.2d 236, 240 (Iowa 1984).

We determine the district court acted properly in ordering the remand.

Viking next argues due process was violated because the citations were not issued with reasonable promptness. The Administrative Procedure Act, section 17A.19(8), provides broad authority for a district court once it determines there has been an error at law— "may ... remand to the agency for further proceedings ... or grant, any other appropriate relief ..." Iowa Code § 17A.19(8) (1993). This remand to correct errors of law ensures the goals of OSHA will be accomplished. In addition, it appears the district court level was the first point where a remand could be ordered. This clearly answers the issue of promptness.

We affirm the ruling of the district court.

**AFFIRMED.**