# IN THE COURT OF APPEALS OF IOWA

No. 19-1072
Filed November 6, 2019

**LITTLE HANDS CHILDCARE & PRESCHOOL, INC.,**
    Plaintiff-Appellee,

**vs.**

**EMPLOYMENT APPEAL BOARD,**
    Defendant-Appellant,

**and**

**AMY A. HARBST BASCHKE,**
    Respondent.
_____

    Appeal from the Iowa District Court for Dickinson County, Don E. Courtney,

Judge.

    The Employment Appeal Board appeals the judicial review ruling by the

district court reversing the Board's determination that the claimant was discharged

for no disqualifying reason.  **REVERSED AND REMANDED.**

    Rick Autry, Des Moines, for appellant.

    A. Eric Neu of Minnich, Comito & Neu, P.C., Carroll, for appellee.

    Considered by Bower, C.J., and Mullins and May, JJ.

**BOWER, Chief Judge.**

The Employment Appeal Board (EAB) determined Amy Harbst Baschke ("Amy") was discharged for no qualifying reason from her employment with Little Hands Childcare & Preschool, Inc. The district court reversed, and the EAB appeals.[1] Because the EAB's decision was supported by substantial evidence and was not unreasonable or wholly unjustifiable, the district court erred in reversing the EAB's ruling. We reverse and remand for dismissal of the employer's petition.

A claimant for unemployment benefits may be disqualified by misconduct. *See* Iowa Code § 96.5(2) (2018). Iowa Administrative Code rule 871–24.32(1)(a) defines "misconduct":

> "Misconduct" is defined as a deliberate act or omission by a worker which constitutes a material breach of the duties and obligations arising out of such worker's contract of employment. Misconduct as the term is used in the disqualification provision as being limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of employees, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed misconduct within the meaning of the statute.

*See Huntoon v. Iowa Dep't of Job Servs.*, 275 N.W.2d 445, 447–48 (Iowa 1979).

Misconduct must be "substantial" to warrant a denial of job insurance benefits.

---

[1] The employer has waived filing an appellate brief. *See White v. Harper*, 807 N.W.2d 289, 292 (Iowa Ct. App. 2011) (noting an appellee failing to file a brief does not require reversal; "we will not search the record for a theory to uphold the decision of the district court," and we confine ourselves to the objections raised by the appellant).

*Newman v. Iowa Dep't of Job Serv.*, 351 N.W.2d 806, 808 (Iowa Ct. App. 1984). Disqualification for a single misconduct incident "must be a deliberate violation or disregard of standards of behavior which the employer has a right to expect." *Diggs v. Emp't Appeal Bd.*, 478 N.W.2d 432, 434 (Iowa Ct. App. 1991).

Here, after a telephonic hearing, an administrative law judge (ALJ) determined Amy was disqualified for misconduct. Amy appealed to the EAB, which reversed the ALJ's ruling.

The EAB wrote:

> We have carefully weighed the credibility of the witnesses and the reliability of the evidence considering the applicable factors listed above, and the Board's collective common sense and experience. We have found [Amy]'s testimony credible. In particular we find credible that she had a sincere belief that there was black mold in the infant room, that she based this belief on observation of what appeared to her to be black mold, and that she did not initiate contact with parents to inform them of the mold. We find credible [Amy]'s explanation that one person texted her and she replied mentioning the possibility of mold. The employer's testimony to the contrary is based on what a husband said about a conversation [his] wife had. It would not be at all surprising that the husband was mixed up about a detail like who contacted whom first. We also find credible that [Amy] prompted her father to make report to the State over the matter. We thus focus on whether [Amy]'s belief in the black mold was objectively reasonable, and if her actions taken in furtherance of that belief constitute misconduct. Before doing so we note that [Amy]'s exhibit was nearly illegible in the form appearing in the record and so we did not rely on it in making our decision.
>
> In general, "good faith errors in judgment or discretion are not to be deemed misconduct within the meaning of the statute." Good faith under this standard is not determined by the claimant's subjective understanding. Good faith is measured by an objective standard of reasonableness. Otherwise benefits might be paid to someone whose "behavior is in fact grounded upon some sincere but irrational belief and where the behavior may be properly deemed misconduct." "The key question is what a reasonable person would have believed under the circumstances."
>
> It is thus not necessary that the claimant actually be right about the black mold. All that is necessary is that the claimant had an objectively reasonable belief that there was black mold which

might pose a danger to the infants. We find this to be the case. The employer took substantial actions to try to mitigate the situation, and had it been patently unreasonable to think the claimant was right it is unlikely the employer would have done so. Indeed, the trained ServPro profession was unable to tell if there was black mold based simply on looking at it. Further the history of rain and [Amy]'s credible description of her own observations (including olfactory) support that the belief was reasonable. Moreover since the children are located in the room where the mold was allegedly located, it would not be unusual for a parent to be present in that room and thus it is not incredible that a parent might have observed what looked like mold and called the claimant to inquire. The record is, at a minimum, clear that a reasonable person in [Amy]'s position could have reached the conclusions she did about the mold.

Next up we then examine whether [Amy]'s actions in reaction to her reasonable belief constitute misconduct. The complaint to the state need not detain us long, as that is likely privileged, and in any event is a completely reasonable avenue to take. The communication with parents is less clear. If we thought, as the employer asserts, that [Amy] was taking her contact information for parents and calling or texting each one with a "sky is falling" message about black mold we likely would find misconduct. Such a widespread proactive communication would show a lot more willfulness, going perhaps beyond concern for the infants and more into a perverse attempt to embarrass the employer. But we do not perceive that here. Here we have proven by the credible evidence only a single instance of [Amy] responding to an inquiry. Perhaps she should have waited and taken the issue to management before she responded. What she did was give her honest opinion when asked when she perhaps should have run it by the employer first. We find credible her testimony that she was motivated out of concern for the children. Her action of responding when asked, rather than talking to her superiors first, falls into the category of an isolated instance of a good faith error in judgment or discretion that is not misconduct. Turning to the rules the employer alleges to have been violated the employer alleges falsification but that requires the claimant to know what she said was false and we do not so find. The employer also alleges violation of a rule not to contact parents, but we have found it was the other way around: she responded when contacted by a parent, she did not initiate the contact. Further any transgression was at worst a good faith error in judgment. The employer has failed to prove misconduct.

(Citations omitted.)

The employer sought judicial review in the district court. The district court determined the issue was "one of credibility between the parties, an exercise that is squarely within the jurisdiction of the EAB, an issue of fact, not law." The district court also determined the EAB's decision was supported by substantial evidence and "was not unreasonable, arbitrary, capricious, or an abuse of discretion." These conclusions required the district court to affirm the EAB's decision. *See Nance v. Iowa Dep't of Revenue*, 908 N.W.2d 261, 267 (Iowa 2018) ("'Because factual determinations are by law clearly vested in the agency, it follows that application of the law to the facts is likewise vested by a provision of law in the discretion of the agency.' We therefore can only reverse the agency's application of the law to the facts if we determine the application was 'irrational, illogical, or wholly unjustifiable.'" (citations omitted)). The district court thus erred in reversing the EAB's ruling. Because the EAB's factual findings were supported by substantial evidence and its application of law to the facts was not unreasonable or unjustifiable, we reverse the district court and remand for a dismissal of the employer's petition.

**REVERSED AND REMANDED.**